UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MIGUEL RAMOS,

                      Plaintiff,

        -against-

THE CITY OF NEW YORK, P.O. LENNOXAN SAMERSON,
P.O. "JOHN" GANDOLFI (whose first name is fictitious as it is
Unknown), in their official and individual capacity

                      Defendants.
------------------------------------------------------------------------x

**VERIFIED COMPLAINT**

**JURY TRIAL
DEMANDED**

      Plaintiff Miguel Ramos, through his attorneys **DAVIS NDANUSA IKHLAS &**

**SALEEM LLP**, as and for his complaint against the Defendants herein alleges the following

upon information and belief:

### PARTIES AND NATURE OF ACTION

1.     Plaintiff is a resident of the Borough of Brooklyn, County of Kings, City and State of New

    York.

2.     At all times hereinafter mentioned, Defendant, **CITY OF NEW YORK** (hereinafter

    "CITY"), was and still is a municipal corporation existing under and by virtue of the laws

    of the State of New York and acts by and through its agencies, employees and agents,

    including, but not limited to, the New York City Police Department ("NYPD"), and their

    employees.

3.     At all times hereinafter mentioned, Defendant **LENNOXAN SAMERSON** ("Samerson"),

    Shield 1470, was employed by the City of New York as a police officer with the NYPD.

4.     At all times hereinafter mentioned, Defendant "John" Gandolfi, whose first name and shield

    are unknown, was employed by the City of New York as a police officer with the NYPD.

5.   At all times hereinafter mentioned, Defendant, CITY, employed persons as police officers and said persons were so employed as police officers by and through the NYPD.

6.   Defendant CITY and its agency, the NYPD, is responsible for the training and supervision of police personnel and were also responsible for enforcing the regulations and policies of the New York City Police Department and for ensuring that New York City Police Department employees obey, employ and implement regulations and policies.

7.   At all times hereinafter mentioned, Defendant, its agents, assistants and employees acted pursuant to the policies, regulations or decisions officially adopted or promulgated by agents of Defendant CITY, whose acts may fairly be said to represent official policy or governmental custom of the Defendant CITY. Specifically, the Plaintiff alleges that, on or about May 16, 2016, while Plaintiff was at platform of the 51st Street stop on the northbound 6 train, police officer Samerson, without just cause or provocation, assaulted Plaintiff, caused Plaintiff's false arrest, unlawful detention, malicious prosecution and violation of civil rights.

8.   This action is brought for damages to remedy the violations of Plaintiff's constitutional rights under the United States Constitution, under color of state law, specifically the Fourth, Eighth, and Fourteenth Amendments, and for false imprisonment, false arrest, malicious prosecution and negligence.

9.   Plaintiff seeks declaratory relief, damages and other legal and equitable relief pursuant to 42 U.S.C. §§ 1983 and 1988.

## JURISDICTION AND VENUE

10.   This is a civil rights action seeking damages for the Defendants' violations of Plaintiff's rights, privileges, and immunities under the United States Constitution, as amended, and the Civil Rights Act of 1871, 42 U.S.C. § 1983 and 1988, Article 1 Section 12 of the New

2

York Constitution, and New York State common law. Plaintiff further invokes the pendent jurisdiction of this Court in accordance with 28 U.S.C. §§ 1331, 1343(a)(3) & (4), and 1367 (a).   As the unlawful acts complained of herein occurred in the Borough of Manhattan, County of New York, City and State of New York which is within the Southern District of New York, venue is proper within this District pursuant to 28 U.S.C. § 1391(b) and (c).

11.   Jurisdiction of this Court is proper under 42 U.S.C. § 1983 and 28 U.S.C. § 1346(b)(1).

12.   On or about the 21st day of July 2017, within ninety days after the claim alleged herein arose, a notice of claim, in writing, sworn to by the claimant, was served upon the Defendant CITY by personal delivery of the notice in duplicate, to the clerk designated by Defendants to accept service.

13.   The notice of claim set forth the name and post office address of the claimant, and of the claimant's attorney, the nature of the claim, the time when, the place where and the manner in which said claims arose, and the injuries and damages sustained herein as far as then practicable.

14.   Plaintiff has fully complied with the administrative prerequisites to the filing of this action under state law. On the, Plaintiff filed a notice of claim with Defendants CITY and NYPD. On or about the 8th day of December 2017, a statutory 50-h hearing was held pursuant General Municipal Law § 50(e) wherein the Defendants examined the Plaintiff with regard to the claims of this action.

15.   Thirty (30) days have elapsed since service of Plaintiff's Notice of Claim and Defendants have refused to adjust or settle this action.

16.   This action was commenced within one year and ninety days after the happening and completion of the event upon which the claim is based.

## FACTS

**Plaintiff's Version**

17.  That on May 16, 2016 Plaintiff dropped off his daughter at school and then headed to the 72nd street 4/6 train station to board the uptown/northbound bound 6 train.

18.  That due to not paying attention and following a crowd, Plaintiff mistakenly boarded the downtown/southbound bound 6 train. According to the New York City Transit Authority Farecard history report for Mr. Ramos' Farecard, he entered the 72nd street station at 8:06 am, entering through booth #R248.

19.  That Plaintiff did not realize he was headed in the wrong direction until after the 6 train had already left the 42nd street station, headed downtown/southbound.

20.  To avoid exiting the train station to cross over to the uptown/northbound 6 train, Plaintiff remained on the downtown/southbound 6 train until the 14th street train station.

21.  That at 14th street, Plaintiff crossed over to the uptown/northbound 6 train platform, where he waited for and boarded an uptown 6 train.

22.  That at upon reaching the 42nd street station, Plaintiff exited the uptown/northbound bound 6 train he had been riding.

23.  That Plaintiff exited the 42nd street train station at or around 8:20am in order to smoke a cigarette.

24.  That according to the New York City Transit Authority Farecard history report for Mr. Ramos' farecard, he re-entered the 42nd street station at 8:30 am, entering through booth #R237.

25.  That upon re-entering the 42nd street train station, Plaintiff waited at the uptown/northbound 6 train platform and eventually boarded another uptown/northbound 6 train to continue his journey to work.

4

26.  That at the 51st street 6 train station, Plaintiff, who had been standing near the doors on a crowded car, exited the train in order to allow other patrons to exit the car.

27.  That upon stepping onto the 51st platform, Plaintiff was detained and eventually arrested. According to the accusatory instrument, Plaintiff was charged with two counts of PL § 130.52(2), Forcible Touching, and two counts of PL § 130.55, Sexual Abuse in the Third Degree.

28.  Plaintiff was only able to secure his release from detention and incarceration by posting bail for said purposes.

**Defendant Samerson's Version**

29.  The bases of Samerson's version of the facts are police omniform reports, Samerson's log books notes, the accusatory instrument and the alleged victim's statements.

30.  According to Samerson's log book, she and PO Gandolfi were on the 14th street station "N/B 4/5/6 platform" at 8:15 am.

31.  That at 8:40 am she observed Hispanic male with a brown backpack pacing back and forth on the platform and that said male was "paying particular attention to female's buttock" and that the male allowed two trains to "go by that [he] did not get on or make effort to board."

32.  That at 8:45 am, Samerson observed the Hispanic male board the northbound 6 train, placing himself directly behind a white female (hereinafter "first alleged victim") and that "he thrust his groin repeatedly on the [white female's] buttocks."

33.  That at 8:47 am, at the 33rd street station, Samerson observed the Hispanic male switch train cars, "went to other car [and] placed himself in a more crowded area of the train behind a female/Hispanic."

34.  That at 8:48 am, at 42nd street Grand Central the Hispanic male "got off train and moved

to another more crowded area of the same [northbound] platform.  As [the Hispanic male] went down [the] platform he got right behind a [black female] (hereinafter "second alleged victim") and boarded directly behind [the black female] with himself (groin pushing up against f/b buttocks)."

35. That at 8:50 am the Hispanic male was observed "bumping his groin repeatedly against [alleged victim's] buttocks as train travelled" and that the pressed his "groin up completely on f/b backside.

36. That at 9:00 am, Plaintiff, presumably the Hispanic male, was "placed in cuffs by PO Gandolfi" at the 51st station stop.

37. That P.O. Gandolfi's log book mimics Samerson's recitation of the alleged facts.

38. That the accusatory instrument (also referred to here as the criminal complaint), which is sworn to by Defendant Samerson, contradicts, in some parts, Samerson's own log book as well as the statement of the alleged victim.

39. That for example, Samerson states in the criminal complaint that she observed the "Defendant exit the train car and re-enter the same train on a more crowded train car" at 42nd street, not 33rd street as memorialized in her log book.

40. That Samerson states in the criminal complaint that she "observed that there was enough room behind the Defendant such that he did not need to be pressed up against the unidentified [first alleged victim]."

41. That also in the accusatory instrument, as to the second alleged victim, Samerson "observed that there was enough room behind the Defendant that he did not need to be pressed against Ms. Scobie."

42. That in a May 16, 2016 "Statement of Allegations/Supporting Deposition" the second alleged victim sates in sum and substance that she was on a "**very crowded**…6 train headed

to Pelham" when she "felt someone behind [her] on the right side bumping into [her]" and that she could feel "his arm or hand against [her] right bottom." (Emphasis added)

43. That in the arrest info sheet, the incident is described as: "AT T/P/O PO OBSERVED DEFENDANT ON A MOVING **N/B 6 TRAIN RUBBING/BUMPING HIS GROIN REPEATEDLY ON C/V BUTTOCKS**. C/V STATES 'I FELT **SOMEONE BUMPING UP ON MY BUTTOCKS** AND THAT IT FELT EXCESSIVE AND DID NOT MATCH THE MOVEMENT OF THE TRAIN." (Emphasis added)

44. That according to the second alleged victim's statement of September 7, 2016, the train car, between 42nd street and 51st street, where the alleged second act occurred, was crowded.

45. That the individual Defendants knowingly provided false information or fabricated evidence in order to procure the arrest and continued prosecution of the underlying criminal matter.

46. That the nature of the fabricated or false evidence is the identity of the alleged perpetrator.

47. That the fabricated and false identification is further evidenced by Samerson and Gandolfi's incredible notations in their log books memorializing Plaintiff's whereabouts leading up to his arrest as having observed a Hispanic male at the platform of the northbound 14th street 4/6 train station at 8:40, observed him board the northbound 6 train at 8:45, observed him switch train cars at 8:47, observed him get off the 6 train at 8:48 at 42nd street and remain on the platform for some time and, observed him at 8:50 on the northbound 6 train between 42nd and 51st street "bumping his groin repeatedly against [alleged victim's] buttocks."

48. Presumably, Gandolfi and Samerson's observations were continuous and unbroken as nowhere in their log books do they note ever losing sight of the alleged perpetrator.

49.   That irrefutable evidence, namely the metrocard seized from Plaintiff upon his arrest, demonstrates that at 8:30 Plaintiff was entering Grand Central station, after having exited about 10 minutes prior, and returned to the northbound 4/6 train station platform.

50.   That having lost sight of the true perpetrator, assuming there ever was one, Gandolfi and Samerson identified any Hispanic male, here Plaintiff, as the target of their arrest.

51.   That Plaintiff denies being the person alleged to have sexually assaulted the two alleged victims.

52.   That Defendant CITY and its agents falsely claimed that Plaintiff was the alleged perpetrator.

**Post-Arraignment Criminal Action**

53.   That on May 17, 2016 Plaintiff was arraigned for the aforementioned charges for which he pleaded not guilty.  Plaintiff denies all of the claims that he engaged in the unlawful touching of the first and/or the second alleged victim.

54.   That on May 20, 2016 the People filed a certificate of readiness.

55.   That on June 23, 2016 Plaintiff's counsel in the criminal action filed an omnibus motion in which counsel sought, among other things, discovery.

56.   That on July 5, 2016, Plaintiff's counsel withdrew their motion seeking discovery based on the People's representation that no statement was made by Plaintiff nor was he identified in a line-up. The criminal matter was adjourned to September 2016 for trial.

57.   That on July 7, 2016, the People in the criminal action filed their second certificate of readiness.

58.   That on October 24, 2016 Plaintiff's counsel moved to dismiss the criminal complaint.

59.   That said motion to dismiss was denied on November 1, 2016, and the criminal action was adjourned to December 12, 2016.

60.     That on or about November 1, 2016, contrary to the People's claim that discovery was unnecessary, the People turned over several pages of otherwise discoverable documents to Plaintiff's counsel.

61.     That the withholding of discoverable documents was part the CITY's willful act of malicious prosecution.

62.     That according to the People, a certificate of readiness was served off-calendar on November 2, 2016.

63.     That on December 12, 2016, the People answered not ready.

64.     That on February 6, 2017, February 27, 2017, April 5, 2017 (collectively referred to herein as "not-ready days"), the People claimed their non-readiness was due to the arresting officer Samerson being on sick leave.

65.     That on each of the not-ready days the People provided the court with no evidence of the sick leave despite being asked by the court to do so.

66.     That on May 31, 2017 the People answered ready and for the first time provided documents purporting to substantiate the claim that Defendant Samerson was on sick leave.

67.     That based on the documents provided regarding Samerson's unavailability for trial, Plaintiff's counsel in the criminal action moved for dismissal for failure to timely prosecute in violation of CPL § 30.30.

68.     That by decision dated July 21, 2017 Hon. Judge Joanne Watters dismissed the criminal complaint on CPL § 30.30 basis, noting that the delay in timely prosecuting the criminal action was caused by Samerson's unexcused absence.

69.     That on information and belief, Samerson's ailment and subsequent inexcusable absence was merely an excuse to avoid the embarrassment of being confronted by the Plaintiff whom she had wrongly identified as the alleged perpetrator.

## AS AND FOR A FIRST CAUSE OF ACTION: 42 U.S.C. § 1983 VIOLATION

70. Plaintiff re-allege each of the proceeding causes of action as though fully set forth in each of the subsequent causes of action.

71. That by detaining and imprisoning the Plaintiff, without probable cause or reasonable suspicion, Defendants deprived the Plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. §1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution

72. Defendants willfully and intentionally seized, searched, detained and arrested Plaintiff without probable cause, and without reasonable basis to believe such cause existed.

73. Defendants also willfully and intentionally subjected Plaintiff to the criminal process through the making of false, contradictory or materially misleading statement and without probable cause to believe that Plaintiff could be successfully prosecuted and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful or necessary.

74. Plaintiff was deprived of post-arraignment liberties as a result of the unlawful arrest, imprisonment and continued prosecution and was only able to avoid further time incarcerated by posting bail.

75. By doing so, the Defendants, individually and collectively, subjected the Plaintiff to false arrest and imprisonment, unlawful search and seizure, denial of due process and a fair trial, malicious prosecution and abuse of process, and thereby conspired to violate, and aided and abetted in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

76. The Defendants Officers acted under pretense and color of state law and in their individual

and official capacities and within the scope of their respective employments as NYPD officers. Said acts by the Defendant NYPD officers were beyond the scope of their jurisdiction, without authority of law and in abuse of their powers, and said Defendants acted willfully, knowingly and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and by the Fourth and Fourteenth Amendments to the United States Constitution.

77.    That by reason thereof, the individual Defendants have violated 42 U.S.C. § 1983 and caused Plaintiff to suffer emotional, physical and economic injuries, mental anguish, incarceration and deprivation of liberty, and the loss of his constitutional rights.

## AS AND FOR A SECOND CAUSE OF ACTION: STATE RIGHTS VIOLATION

78.    Plaintiff re-allege each of the proceeding causes of action as though fully set forth in each of the subsequent causes of action.

79.    By detaining and imprisoning the Defendant without probable cause or reasonable suspicion, using excessive force, and assaulting him, the Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

80.    In addition, the Defendants conspired among themselves to deprive Plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

81.    The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD Officers and CITY employees. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his

constitutional rights secured by Article 1, Section 12 of the New York Constitution.

82.   Defendants, their officers, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights.  Defendant CITY and Defendant NYPD, as employers of each of the Defendants Officers, are responsible for their wrongdoing under the doctrine of respondeat superior.

83.   That by reason thereof, the individual Defendants have violated Plaintiff's state rights and caused Plaintiff to suffer emotional, physical and economic injuries, mental anguish, incarceration and deprivation of liberty, and the loss of his constitutional rights.

84.   As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

### AS AND FOR A THIRD CAUSE OF ACTION: ASSAULT AND BATTERY

85.   Plaintiffs re-alleges each of the proceeding causes of action as though fully set forth in each of the subsequent causes of action.

86.   In physically assaulting, handcuffing, threatening, intimidating Plaintiff the Defendants Officers, acting in their capacities as NYPD officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon Plaintiffs.

87.   The assault and arrest by the Defendants Officers were unnecessary and unwarranted in the performance of their duties as NYPD officers and constituted unreasonable and excessive use of force.

88.   Defendants, their agents, officers, servants, and employees were responsible for Plaintiff's

assault and illegal arrest, and battery. Defendant CITY and Defendant NYPD, as employers of each of the Defendants Officers, are responsible for their wrongdoing under the doctrine of respondeat superior.

89.   That by reason thereof, the individual Defendants have violated Plaintiff's rights and caused Plaintiff to suffer emotional, physical and economic injuries, mental anguish, incarceration and deprivation of liberty, and the loss of his constitutional rights.

90.   As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore stated.

### AS AND FOR A FOURTH CAUSE OF ACTION: FALSE ARREST/FALSE IMPRISONMENT

91.   Plaintiff re-alleges each of the proceeding causes of action as though fully set forth in each of the subsequent causes of action.

92.   The Defendants Officers caused the Plaintiff to be wrongfully and illegally detained, imprisoned and be prosecuted.

93.   The wrongful arrest, imprisonment and prosecution of the Plaintiff was carried out without Plaintiff's consent, and without probable cause or reasonable suspicion.

94.   At all relevant times, the Defendants acted forcibly in apprehending, detaining and imprisoning the Plaintiff.

95.   During this period, the Plaintiff was unlawfully and wrongfully assaulted, harassed, detained, prosecuted and threatened.

96.     Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of his liberty, and imprisoned.

97.     All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

98.     Defendants, their officers, agents, servants, and employees were responsible for Plaintiff's detention and imprisonment during this period of time.  Defendant CITY and Defendant NYPD, as employers of each of the Defendants Officers, are responsible for their wrongdoing under the doctrine of respondeat superior.

99.     The Defendant officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

100.    That by reason thereof, the individual Defendants have violated rights and caused Plaintiff to suffer emotional, physical and economic injuries, mental anguish, incarceration and deprivation of liberty, and the loss of his constitutional rights.

101.    As a direct and proximate result of the misconduct, abuse and prosecution detailed above, Plaintiffs sustained the damages hereinbefore stated.

## AS AND FOR A SIXTH CAUSE OF ACTION: MALICIOUS PROSECUTION

102.    Plaintiff re-alleges each of the proceeding causes of action as though fully set forth in each of the subsequent causes of action.

103.    The Defendants Officers caused the Plaintiff to be maliciously prosecuted.

104.    That Defendant CITY and Defendants Officers did commence a criminal action against Plaintiff.

105. That the criminal action and prosecution was commenced without probable cause or belief that said action would be successful.

106. That the criminal action was therefore commenced with malice.

107. That as a result of the arrest and prosecution, Plaintiff was deprived on his freedom and liberty.

108. That the criminal action was then disposed in Plaintiff's favor, on the merits, pursuant to a decision dismissing the matter for failure to timely prosecute.

109. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

110. Defendants, their officers, agents, servants, and employees were responsible for Plaintiff's detention and imprisonment during this period of time.  Defendant CITY and Defendant NYPD, as employer of each of the Defendants Officers, are responsible for their wrongdoing under the doctrine of respondeat superior.

111. The Defendant Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

112. That by reason thereof, the individual Defendants have violated rights and caused Plaintiff to suffer emotional, physical and economic injuries, mental anguish, incarceration and deprivation of liberty, and the loss of his constitutional rights.

113. As a direct and proximate result of the misconduct, abuse and prosecution detailed above, Plaintiffs sustained the damages hereinbefore stated and was imprisoned for a period of more than three months.

### AS FOR A SEVENTH CAUSE OF ACTION: NEGLIGENCE/MONELL CLAIM

114. Plaintiff re-alleges each of the proceeding causes of action as though fully set forth in each of the subsequent causes of action.

115. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

116. The aforementioned customs, policies, usages, practices and rules of Defendant City of New York and the NYPD included, but were not limited to, the inadequate screening, hiring, retaining, training and supervising of its employees that was the moving force behind the violation of Plaintiff's rights as described herein. As a result of the failure of the Defendant City of New York to properly recruit, screen, train, discipline and supervise its officers, including the individual defendants, Defendant City of New York has tacitly authorized, ratified and has been deliberately indifferent to, the acts and conduct complained of herein.

117. The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD included, but were not limited to: arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or manufacturing false evidence against individuals in an individual effort and also in a conspiracy to justify their abuse of authority in falsely arresting, unlawfully stopping and maliciously prosecuting those individuals.

118. The foregoing customs, policies, usages, practices, procedures and rules of the Defendant

City of New York and the NYPD constituted deliberate indifference to Plaintiff's safety, well-being and constitutional rights.

119. The foregoing customs, policies, usages, practices, procedures and rules of the Defendant City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiffs as described herein.

## AS FOR AN EIGHTH CAUSE OF ACTION: FAILURE TO INTERVENE

120. Plaintiff re-alleges each of the proceeding causes of action as though fully set forth in each of the subsequent causes of action.

121. The individual Defendants actively participated in the aforementioned unlawful conduct.

122. That Defendants observed such conduct, had an opportunity to prevent such violation of constitutional rights and had a duty to intervene such conduct and failed to intervene.

123. Accordingly, the individual Defendants who failed to intervene violated the Fourth, Sixth and Fourteenth Amendments of the United States Constitution.

124. Defendants' unlawful actions were committed under color of state law, were done willfully, knowingly, with malice and with specific intent to deprive Plaintiff of his constitutional rights.

125. As a direct and proximate result of Defendant' unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## DEMAND FOR TRIAL BY JURY

126. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully request judgment against the Defendants as follows:

A.      On the First Cause of Action against the Defendants Officers, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs;

B.      On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial and punitive damages against the Defendants Officers in an amount to be determined at trial;

C.      On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants Officers in an amount to be determined at trial;

D.      On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants Officers in an amount to be determined at trial;

E.      On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants Officers in an amount to be determined at trial;

F.      On the Sixth Cause of Action, against all Defendants, compensatory and punitive damages in an amount to be determined at trial;

G.      On the Seventh Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial;

H.      On the Eighth Cause of Action, against all Defendants, compensatory and punitive damages in an amount to be determined at trial;

I.      Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: Brooklyn, New York
       June 4, 2018

                                          Yours, etc.,

                                          **MUSTAPHA NDANUSA**

                                          _____

                                          **Mustapha Ndanusa (MN-0687)**
                                          Davis, Ndanusa, Ikhlas & Saleem, LLP
                                          Attorneys for Plaintiff
                                          26 Court Street, Suite 603
                                          Brooklyn, New York 11242
                                          Tel.: (718) 783-6819
                                          Email: mndanusa@dnislaw.com

## **VERIFICATION**

STATE OF NEW YORK     )
                                : SS.:
COUNTY OF KINGS       )

**MIGUEL RAMOS**, being duly sworn deposes and says:

1.     Your deponent is the above encaptioned plaintiff in this action and makes this verification and knows the contents thereof based upon his own knowledge of the facts and circumstances surrounding the within action.

2.     Your deponent has read the foregoing first verified complaint in this action and knows that the matters cited therein are true and for those matters asserted upon information and belief, that I believe them to be true.

                                                        **MIGUEL RAMOS**

Sworn to before me this
4th day of June, 2018

**NOTARY PUBLIC**

MAGDALENA SLIWA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SL6213237
Qualified in Kings County
My Commission Expires November 02, 2017 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No.:

MIGUEL RAMOS,

Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. LENNOXAN SAMERSON,
P.O. "JOHN" GANDOLFI (whose first name is fictitious as it is
Unknown), in their official and individual capacity

Defendants.

## VERIFIED COMPLAINT – JURY TRIAL DEMANDED

MUSTAPHA NDANUSA, ESQ.
DAVIS, NDANUSA, IKHLAS & SALEEM, LLP
Attorneys for Plaintiff
26 Court Street, Suite 603
Brooklyn, NY 11242
Tel.: (718) 783-6819
Fax: (855) 852-4742

Pursuant to Article 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contained in the annexed documents are not frivolous.

Dated: June 4, 2018

signature
Print Signer's Name: Mustapha Ndanusa, Esq.,

Service of a copy of the within
Dated:                                                    is hereby admitted.

Attorney(s) for

Please take notice

NOTICE OF ENTRY
that the within is a (certified) true copy of a               duly entered in the Office of the Clerk of the within court on
, 20  .

NOTICE OF SETTLEMENT
that an order                          of which the within is true copy will be prepared for settlement to the Hon.
one of the judges of the within named court, at                              on              , 20     at
M.

Dated,

Yours, etc.
MUSTAPHA NDANUSA, ESQ.
DAVIS, NDANUSA, IKHLAS & SALEEM, LLP
26 Court Street, Suite 603
Brooklyn, NY 11242
Tel.: (718) 783-6819
Fax: (855) 852-4742

TO: